UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CLARA LEWIS BROCKINGTON, | ) | Civil Action No.: 4:05-3267-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| CINDY JONES, STEVE ROBERTSON, | ) | |
| and FOOD LION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I.    **INTRODUCTION**

This is an employment discrimination case. Plaintiff is proceeding pro se. Presently pending before the Court is Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Document # 43), filed April 13, 2007. Because Plaintiff is proceeding pro se, she was advised on April 16, 2007, pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' Motion could result in dismissal of her Complaint. The deadline for Plaintiff's response to Defendants' Motion was May 23, 2007. Plaintiff did not file a response by the deadline. On July 2, 2007, Plaintiff filed a Motion to Amend the Scheduling Order (Document # 51), in which she asserted that she had experienced several deaths and illnesses in her family. She asked that the case be continued and not dismissed. She did not address the issues raised in Defendants' Motion. On August 29, 2007, the undersigned issued an Order (Document # 56) allowing Plaintiff ten additional days to file a response to Defendants' Motion. The Order specifically stated, "If there is no response within ten (10) days of the date of this Order, it will be recommended that this case be dismissed for failure to prosecute." On September 10, 2007, Plaintiff

filed an "Answer to Order" in which she again asserted that the case be continued and not dismissed. She further asserted that "my answer to his Summary Judgment was submitted to the Defendants' Attorney and Clerk of Court." However, a review of the docket reveals nothing filed by Plaintiff in response to the Motion to Dismiss or, in the Alternative, for Summary Judgment (Document # 43). Therefore, on September 24, 2007, the undersigned entered an Order (Document # 65) allowing Plaintiff an additional ten days to file with the Clerk of Court the "answer" to Defendants' Motion that she asserted she had already submitted. On October 4, 2007, Plaintiff filed a Motion for Extension of Time (Document # 67), which was granted by Order (Document # 68) dated October 4, 2007. On October 17, 2007, Plaintiff filed a Response (Document # 71) to Defendants' Motion to Dismiss, or, in the Alternative, for Summary Judgment.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC. Because Defendants' Motion is dispositive, this Report and Recommendation is entered for review by the District Judge.

## II.     FACTUAL AND PROCEDURAL HISTORY

### A.     Plaintiff's Bankruptcy Petition

Plaintiff filed the present action on November 11, 2005, alleging claims of racial discrimination and harassment. On February 6, 2006, Plaintiff filed a Chapter 7 bankruptcy petition seeking discharge of her debts. Attachment A to Defendants' Motion. On her bankruptcy petition, Plaintiff declared to be true under penalty of perjury that she had no contingent or unliquidated claims. Id. She also failed to disclose her claims against Food Lion in the Statement of Financial Affairs filed in conjunction with her bankruptcy petition. Id. The Statement of Financial Affairs

asks Plaintiff to "list all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." Id. Plaintiff did not disclose her action against Food Lion in response to this inquiry. Id. Further, she declared under penalty of perjury that her statements in the Statement of Financial Affairs were true and correct. Id.

On March 3, 2006, the Trustee's Report of No Distribution was filed in Plaintiff's bankruptcy case. Attachment B to Defendants' Motion. The bankruptcy trustee reported that after inquiring into "the financial affairs of the debtor," he had concluded that "there is no property available for distribution from the estate over and above that exempted by law." Id. On May 19, 2006, Bankruptcy Judge John E. Waites issued an order discharging Plaintiff's debts, discharging the trustee, and closing the case. Attachment C to Defendants' Motion.

In her Response, Plaintiff fails to address the factual assertions made by Defendants regarding her Bankruptcy Petition.

**B.      Plaintiff's Participation in the Discovery Process**

On October 30, 2006, Defendants served discovery requests upon Plaintiff via first-class, certified mail. Attachment D to Defendants' Motion. The documents were returned to counsel for Defendants because of Plaintiff's failure to claim her mail. Attachment E to Defendants' Motion.

A status conference was held on January 30, 2007, during which Plaintiff acknowledged that, on December 28, 2006, she had personally retrieved from defense counsel's office a copy of Defendant's Motion to Dismiss, or, in the Alternative, to Compel and Extend Discovery, to which copies of Defendants' discovery requests were attached. See Order (Document # 37). As of the date of the status conference, Plaintiff had not responded to the discovery requests. At the status

conference, the undersigned ordered Plaintiff to respond to the discovery requests within 40 days. Id. The response time was then extended to March 20, 2007. Id. As of April 13, 2007, the filing date of Defendants' present Motion to Dismiss, or, in the Alternative, for Summary Judgment, Plaintiff had not responded to the discovery requests.

Plaintiff also failed to appear for her deposition, although she had agreed to the deposition date and was provided with more than a month's notice of the deposition. Attachment G to Defendants' Motion. According to Defendants, despite counsel's attempts to accommodate her, Plaintiff has made no effort to reschedule the deposition.

In her Response to Defendants' Motion, Plaintiff asserts that she has "answered all correspondence mailed in a timely manner, considering that the Plaintiff has no legal experience or background." Plaintiff's Response at 1. Attached to her Response is a copy of her responses to Defendants' discovery requests, along with a certificate of service, which indicates that the responses were served on defense counsel on June 30, 2007. See Exhibits A and C to Plaintiff's Response. Plaintiff also argues in her response that "due to working out of town, Plaintiff have returned telephone calls to attempt to set up dates and times for discovery, but have failed due to Plaintiff's court schedule." Plaintiff's Response at 2.

## III.  DISCUSSION

Defendants move for dismissal or summary judgment for three reasons: (1) Plaintiff's filing for bankruptcy after the initiation of the current action deprived her of standing to prosecute this lawsuit; (2) Plaintiff's claims are barred by judicial estoppel given that she is bound by her sworn representations to the bankruptcy court that she had no contingent claims against Defendants; and (3) Plaintiff has failed to prosecute this action and to cooperate in discovery. Plaintiff addresses only

-4-

Defendants' third reason for dismissal, her failure to participate in discovery and prosecute this action, in her Response.

### A.    Standing

Defendants seek to dismiss this action for lack of subject-matter jurisdiction because Plaintiff does not have standing to prosecute this action. "Standing is a threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States." Pye v. United States, 269 F.3d 459, 466 (4th Cir.2001) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). "A court does not have subject matter jurisdiction over an individual who does not have standing." Atlantigas Corp. v Columbia Gas Transmission Corp., No. 05-2180, 2006 WL 3798132, at *3 (4th Cir. Dec. 19, 2006).

A cause of action constitutes an asset of the bankruptcy estate. Taylor v. Swirnow, 80 F.R.D. 79, 82 (D.Md. 1978). "Property of the estate includes all of the debtor's interests in any cause of action that has accrued prior to the bankruptcy petition." Miller v. Pacific Shore Funding, 287 B.R. 47, 50 (D.Md. 2002) (citing Tignor v. Parkinson (In re Tignor), 729 F.2d 977, 980-81 (4th Cir.1984)). In Miller, the court noted that even a cause of action of which the debtor is unaware at the time of the filing of the bankruptcy petition is part of the estate. Id. Thus, it follows that a cause of action becomes a part of the estate whether or not it is disclosed by the debtor.

The Fourth Circuit has held that "[i]f a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim." National American Ins. Co. v. Ruppert Landscaping Co., 187 F.3d 439, 441 (4th Cir. 1999). In Miller, the plaintiffs filed for bankruptcy and obtained a discharge prior to the completion of their civil action. Miller, 287 B.R. at 49. The

defendant argued that the plaintiffs lacked standing to prosecute the civil action because it was a part

of the bankruptcy estate.  Id. at 48-49.  The district court agreed:

> [T]he moment the [plaintiffs] filed their bankruptcy petition on January 16, 2001, all
> their interests in the instant cause of action became property of the bankruptcy estate.
> Unless the [plaintiffs] can show that the claim was exempt from the estate or
> abandoned by the trustee, they have no standing to bring or pursue it– only the trustee
> may do so.

Id. at 50-51 (citing National American Ins. Co., 187 F.3d at 441).  The district court held that the

plaintiffs had no standing to sue and dismissed the case for lack of subject-matter jurisdiction.  Id.

at 51-52.  The decision of the district court was upheld on appeal: "We . . . affirm the dismissal of

the [plaintiffs'] claims for lack of subject matter jurisdiction as a result of their subsequent

bankruptcy filing.  See Miller v. Pacific Shore Funding, 92 Fed. Appx. 933, 937 (4th Cir. 2004).

    In the present case, Plaintiff lacks standing to pursue her claims against Defendants as a result

of the filing of her bankruptcy petition.  Plaintiff has presented no evidence that the present claim

was exempt from the estate or abandoned by the trustee.  Therefore, only the trustee in the

bankruptcy action had standing to pursue this claim.  Accordingly, Plaintiff's action should be

dismissed for lack of subject-matter jurisdiction.

### B.    Judicial Estoppel

    In the alternative, if the district judge finds that Plaintiff has standing to pursue this action,

this case should still be dismissed based on the doctrine of judicial estoppel.  "Judicial estoppel is

a principle developed to prevent a party from taking a position in a judicial proceeding that is

inconsistent with a stance previously taken in court."  Zinkand v. Brown, 478 F.3d 634, 638 (4th Cir.

2007) (citing John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 28 (4th Cir.1995)).  The

Fourth Circuit has adopted a four prong test to determine whether judicial estoppel should be applied

in a particular case. The doctrine applies where "1) the party to be estopped [is] advancing an assertion that is inconsistent with a position taken during previous litigation; 2) the position [is] one of fact instead of law; 3) the prior position [was] accepted by the court in the first proceeding; and 4) the party to be estopped [has] acted intentionally, not inadvertently." Folio v. City of Clarksburg, 134 F.3d 1211, 1217 (4th Cir.1998); Calafiore v. Werner Enterprises, Inc., 418 F.Supp.2d 795, 796 (D.Md.2006).

Plaintiff's position in this court that she has a valid cause of action against Defendants is a factual assertion that is inconsistent with her previous position in the bankruptcy court that she had no contingent or unliquidated claims. See Stallings v. Hussmann Corp., 447 F.3d 1041, 1047 (8th Cir. 2006) ("A debtor's failure to list a claim in the mandatory bankruptcy filings is tantamount to a representation that no such claim existed."); Casto v. American Union Boiler Co. of West Virginia, No. 2:05-cv-757, 2006 WL 660458, *3 (S.D.W.Va. March 14, 2006) ("By omitting his existing claim and potential claims from his disclosures, he averred to the bankruptcy court that no such claims existed. Consequently, his position before this court that he has a valid age discrimination claim based on conduct that occurred prior to his filing for bankruptcy is wholly inconsistent with the position he adopted during his bankruptcy proceeding.").

In addition, Plaintiff's position that she had no contingent or unliquidated claims was accepted by the bankruptcy court when it issued an order discharging Plaintiff's debts, discharging the trustee, and closing the case. See Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005) ("The second element of the judicial estoppel test, acceptance by the bankruptcy court, is also satisfied. That court certainly confirmed Jethroe's plan at least in part based on its assessment of her assets and liabilities.").

-7-

Finally, Plaintiff acted intentionally, rather than inadvertently, when she failed to disclose the present action to the bankruptcy court. In bankruptcy cases, a "debtor's failure to satisfy its statutory disclosure duty is inadvertent 'only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.'" Thomas v. Palmetto Management Services, No. 3:05-cv-17-CMC-BM, 2006 WL 2623917 (D.S.C. Sept, 11, 2006) (citing In re Coastal Plains, Inc., 179 F.3d 197, 210 (5th Cir.1999); Browning v. Levy, 283 F.3d 761, 776 (6th Cir.2002)). Plaintiff knew of her claims against Defendants in the present case because she filed the present case before she filed her petition in bankruptcy court. Furthermore, Plaintiff had motive to fail to disclose the claims to the bankruptcy court as proper disclosure could have increased the amount of her assets, resulting in less favorable Chapter 13 payment plans. See DeLeon v. Comear Industries, Inc., 321 F.3d 1289, 1291 (11th Cir.2003) (holding that a financial motive to hide assets exists under Chapter 13 because the amount disclosed affects the amount to be discounted and repaid); Calafiore v. Werner Enterprises, Inc., 418 F.Supp.2d 795, 798 (D.Md. 2006). ("If [ ] undisclosed claim would have added assets to the bankruptcy estate, [the debtor] will usually be deemed to have had a motive to conceal those claims."); In re Superior Crewboats, Inc., 374 F.3d 330, 336 (5th Cir. 2004) ("The [plaintiffs] had the requisite motivation to conceal the claim as they would certainly reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors.").

District Courts within the Fourth Circuit have applied the doctrine of judicial estoppel to bar plaintiffs from pursuing claims that were not disclosed to the bankruptcy court during bankruptcy proceedings. See, e.g., Thomas v. Palmetto Management Services, No. 3:05-cv-17-CMC-BM, 2006 WL 2623917 (D.S.C. Sept, 11, 2006); Calafiore v. Werner Enterprises, Inc., 418 F.Supp.2d 795, 798 (D.Md. 2006); Casto v. American Union Boiler Co. of West Virginia, No. 2:05-cv-757, 2006

WL 660458 (S.D.W.Va. March 14, 2006). As in those cases, all four elements of the Fourth Circuit's judicial estoppel test are satisfied in the present case. Thus, the present action should be dismissed based on the doctrine of judicial estoppel.

### C.    Failure to Prosecute and Failure to Cooperate in Discovery

Defendants also move to dismiss this action based on Plaintiff's failure to participate in this case. Based on the above recommendations, the undersigned declines to address this issue at this time. Should the district judge decline to adopt the recommendations set forth above, the undersigned will revisit the parties' arguments on this issue.

## IV.    CONCLUSION

In light of the above analysis, it is recommended that Defendants' Motion to Dismiss, or, in the Alternative, for Summary Judgment (Document # 43) be granted for lack of standing, or, in the alternative, pursuant to the doctrine of judicial estoppel.[1]    If the district judge adopts this recommendation, all other pending motions will be moot.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 28, 2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

_____

[1]This Court can take judicial notice of its own records, including the filings in the bankruptcy court. See Anderson v. FDIC, 918 F.2d 1139, 1141 n.1 ("[T]he Bankruptcy Court is considered 'a unit of the district court' under 28 U.S.C. § 151, and we believe a district court should properly take judicial notice of its own records . . . ."). Accordingly, and in light of the doctrines of standing and judicial estoppel discussed above, dismissal of this case is proper under both Rule 12 and Rule 56 of the Federal Rules of Civil Procedure.